IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EMPRESS CASINO JOLIET CORPORATION, an Illinois corporation, DES PLAINES DEVELOPMENT LIMITED PARTNERSHIP, an Illinois limited partnership, d/b/a Harrah's Casino Cruises Joliet, HOLLYWOOD CASINO-AURORA, INC., an Illinois corporation, and ELGIN RIVERBOAT RESORT-RIVERBOAT CASINO, an Illinois General partnership d/b/a GRAND VICTORIA CASINO,<br><br>            Plaintiffs,<br><br>   v.<br><br>ROD BLAGOJEVICH, FRIENDS OF BLAGOJEVICH, JOHN JOHNSTON BALMORAL RACING CLUB, INC., MAYWOOD PARK TROTTING ASSOCIATION, INC., ARLINGTON PARK RACECOURSE, LLC, FAIRMONT PARK, INC., HAWTHORNE RACE COURSE, INC.<br><br>            Defendants. | Case No. 1:09-cv-3585<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Cox |

**DEFENDANT-APPELLANT BLAGOJEVICH'S DOCKETING STATEMENT**

Defendant-Appellant Rod Blagojevich ("Defendant-Appellant"), hereby states the following for his docketing statement pursuant to Seventh Circuit Rule of Appellate Procedure 3(c)(1):

**I.  District Court Jurisdiction**

On June 12, 2009, Plaintiffs Empress Casino Joliet Corp., Des Plaines Development Limited Partnership, Hollywood Casino-Aurora, Inc., and Elgin Riverboat Resort-Riverboat Casino (collectively "Plaintiffs") filed their two-count complaint in the United States District Court for the Northern District of Illinois (the "District Court").  In Count I, Plaintiffs alleged

Defendants Rod Blagojevich, his campaign fund known as Friends of Blagojevich, John Johnston, Balmoral Racing Club, Inc., and Maywood Park Trotting Association, Inc., engaged in a racketeering conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), (d) ("RICO"), to secure enactment of Illinois Public Acts 94-804 ("2006 Racing Act") and 95-1008 ("2008 Racing Act"), both of which impose a levy on the Plaintiffs, which the State of Illinois must then disburse to Illinois racetracks. In Count II against Balmoral Racing Club, Inc., Maywood Park Trotting Association, Inc., Arlington Park Racecourse, LLC, Fairmount Park, Inc., and Hawthorne Race Course, Inc. (the "Race Track Defendants"), Plaintiffs sought a constructive trust based on state common-law over the tax monies paid pursuant to the 2006 Racing Act and the 2008 Racing Act. The District Court had subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 15(a) inasmuch as Plaintiffs asserted claims arising under the federal RICO statute. The District Court had supplemental jurisdiction over Plaintiffs state common-law claims pursuant to 28 U.S.C. § 1367(a).

In response to Plaintiffs' complaint, each of the Defendants filed a motion to dismiss, which were subsequently briefed by the parties. For purposes of this appeal, on July 31, 2009, Defendant-Appellant filed a motion to dismiss the complaint on the basis that absolute legislative immunity rendered Plaintiffs' civil RICO claim unsupportable. On December 7, 2009, the District Court issued its Memorandum Opinion and Order (the "Order") in which it denied Defendants' motions to dismiss and sustained Count I alleging RICO violations. In its Order, the District Court dismissed Count II for constructive trust against the Race Track Defendants, concluding that the Tax Injunction Act, 18 U.S.C. § 1341, deprived the District Court of jurisdiction over that count. The District Court's decision denying Defendant-Appellant's

motion to dismiss and, with it, the contention that Defendant-Appellant is immune from the conduct complained of in Count I of the complaint, is the subject of this appeal.

## II. Appellate Court Jurisdiction

On July 31, 2009, Defendant-Appellant filed a motion to dismiss the complaint on the basis that absolute legislative immunity rendered Plaintiffs' civil RICO claim unsupportable. On November 30, 2009, the District Court held a hearing on Defendants' motions to dismiss, as well as on Plaintiffs' motion for a preliminary injunction. In its December 7, 2009 Order, the District Court denied Defendant-Appellant's motion to dismiss Count I of the complaint on the basis that absolute legislative immunity did not apply to Defendant-Appellant.

On January 5, 2010, Defendant-Appellant timely filed his notice of appeal seeking review of that portion of the District Court's December 7, 2009 Order denying Defendant-Appellant's motion to dismiss Count I of the complaint. The District Court's Order denying Defendant-Appellant's motion to dismiss and finding that absolute legislative immunity did not apply to Defendant-Appellant, is immediately appealable under 28 U.S.C. § 1291 pursuant to the "collateral order doctrine." *Mitchell v. Forsyth*, 472 U.S. 511, 524-25 (1985) ("[A] decision of a district court is appealable if it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'") Indeed, "the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell*, 472 U.S. at 524-25; *Hammond v. Kunard*, 148 F.3d 692, 695 (7th Cir. 1998); *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990) (stating that defendants wanting to appeal from an

order denying immunity, do not need 1292(b); the order is appealable-"without any of the rigmarole involved in a 1292(b) appeal-under section 1291, by virtue of *Mitchell v. Forsyth*.")

The "collateral order doctrine" applies to this appeal because the District Court's Order denying Defendant-Appellant's motion to dismiss and finding that absolute legislative immunity did not apply to Defendant-Appellant, finally determined that Defendant-Appellant could not assert the claimed right as a defense to Count I of the complaint. The finding that Defendant-Appellant was not entitled to assert absolute legislative immunity as a defense is separate from, and collateral to, rights asserted in the action since the claimed right to absolute legislative immunity "is not an ingredient" of Plaintiffs' civil RICO claim and "does not require consideration with it." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949). Moreover, if appellate consideration is deferred until this entire case is adjudicated, the claimed right will effectively be destroyed since absolute legislative immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question." *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996).

Count I of the complaint for violations of civil RICO remains pending in the District Court. On January 5, 2010, the District Court granted Defendant-Appellant an enlargement of time until January 11, 2010, to respond to Count I of the complaint. The District Court has set a status hearing on that claim on January 14, 2010.

**III.    Prior or Related Appellate Proceedings**

On December 8, 2009, Plaintiffs filed their notice of appeal seeking review of that portion of the District Court's December 7, 2009, Order denying Plaintiffs' Motion for Preliminary Injunction and dissolving the TRO that the District Court had previously granted by Order dated November 20, 2009. That appellate proceeding is captioned *Empress Casino Joliet*

*Corporation, et al. v. Rod Blagojevich, et al.*, No. 09-3975. Defendant-Appellant is unaware of any other appellate proceeding related to this appeal.

| | |
|---|---|
| Dated: January 5, 2010 | Respectfully submitted, |
| | **ROD BLAGOJEVICH** |
| | |
| | By: /s/ Rafey S. Balabanian |
| | One of His Attorneys |

Rafey S. Balabanian (ARDC No. 6285687)
Email: rbalabanian@kamberedelson.com
KAMBEREDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312/589-6370
Fax: 312/589-6378

## **CERTIFICATE OF SERVICE**

      I, Rafey S. Balabanian, an attorney, certify that on January 5, 2010, I served the above and foregoing ***Defendant-Appellant Blagojevich's Docketing Statement***, by causing true and accurate copies of such paper to be filed and transmitted to all parties of record via the Court's CM/ECF electronic filing system, on this the 5th day of January, 2010.

                                              /s/ Rafey S. Balabanian